Argued and submitted February 11, appeal dismissed August 17,
reconsideration denied September 24,
petition for review denied November 3, 1981 (291 Or 771)

OREGON EDUCATION ASSOCIATION et al,
*Petitioners,*

*v.*

TEACHER STANDARDS AND PRACTICES
COMMISSION et al,
*Respondents,*
CLACKAMAS COUNTY EDUCATION
SERVICE DISTRICT,
*Intervenor.*
(CA 19064)

632 P2d 805

Jennifer Friesen, Eugene, argued the cause for petitioners. With her on the brief was Kulongoski, Heid, Durham & Drummonds, Eugene.

Al J. Laue, Assistant Attorney General, Salem, waived appearance for respondent Teacher Standards and Practices.

No appearance for respondent Burks.

Marva Graham, Portland, argued the cause for intervenor. On the brief was Richard D. Roberts, Portland.

Before Richardson, Presiding Judge, and Thornton and Young, Judges.

THORNTON, J.

## THORNTON, J.

This is an appeal from a decision by the Teacher Standards and Practices Commission in a contested case, which determined that respondent Burks' certification as a supervisor was proper because he had experience equivalent to that required by regulation OAR 584-44-013(2); 584-44-005(18). Neither petitioner was a party in the proceeding below. Each asserts standing to challenge the Commission's determination on the basis of ORS 183.482(2) as persons aggrieved by agency action. We conclude that neither has standing in this case and, consequently, do not reach the merits of their appeal.

■■ This is a proceeding to revoke a certificate. ORS 342.175(1) provides:

"Action to suspend or revoke any certificate or to discipline a teacher or administrator may be initiated by the Teacher Standards and Practices Commission, created under ORS 342.350 upon complaint charging the teacher or administrator with:

"(a) Conviction of a crime not listed in subsection (2) of this section;

"(b) Gross neglect of duty;

"(c) Any gross unfitness; or

"(d) Having been convicted of violating any law of this or any state or of the United States involving the illegal use, sale or possession of controlled substances."

The ground for revocation in this case - mistake in issuing the certificate because Burks did not have the requisite teaching experience in public schools - does not fit precisely into any of the categories listed in the statute. In any event, the law in this state is that a certificate issued by an agency, albeit by mistake, in excess of its authority to issue such a certificate, is void, *State ex rel Peterson v. Martin,* 180 Or 459, 474-75, 176 P2d 636 (1947), and furnishes an additional ground for revocation. The issue at the hearing was whether or not the agency exceeded its authority by certifying Burks on the basis that he had experience equivalent to that required for certification.

ORS 342.190 provides:

*"Except as otherwise specifically provided,* ORS 183.310 to 183.500 [the Administrative Procedures Act] do not

apply to proceedings under ORS 342.175, 342.177 and 342.180." (Emphasis supplied.)

ORS 342.180 provides in relevant part:

"(1)   Any person whose certificate has been suspended or revoked or who has been disciplined, or who has been refused issuance or reinstatement of a certificate, and is aggrieved at the decision of the commission may appeal in the manner provided in ORS 183.480.

"(2)   If the Superintendent of Public Instruction or the district school board employing the teacher or administrator is aggrieved at the decision of the commission, either or both may appeal from the decision in the manner provided in ORS 183.480."

The effect of these two sections is that the only entities entitled to appeal from a determination in a proceeding for revocation of a certificate are the teacher or administrator, the Superintendent of Public Instruction or the school district.[1] Because the appeal was not filed by one of the named parties or entities, we have no jurisdiction to consider it.

Appeal dismissed.

---

[1] Petitioners argue, based on ORS 342.180(1), that this is not an instance in which a certificate has been "suspended or revoked" and that, therefore, it is inapplicable as a limitation on their rights under ORS 183.482 to petition as persons aggrieved or adversely affected. They ignore ORS 342.180(2), which provides for appeal by the Superintendent or school district if they are "aggrieved at the decision of the commission * * *." In any case, that statute must be read in the context of the entire sequence of statutes governing revocation. In this light, the language of ORS 342.180(1) reflects only the obvious fact that a decision not to revoke a certificate gives the subject teacher no reason to appeal.